JUDGE SWAIN

**08 CV 5288**
COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

MANHATTAN PROPERTIES I, LLC d/b/a          :     Civil Action No.:_____
MANHATTAN PROPERTIES COMPANY,              :     ECF CASE

               Plaintiff,

    -against-

SCOTT COOK, JOHN DOE,
JANE DOE AND XYZ CORP.                     :

              Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

RECEIVED
JUN 10 2008
**COMPLAINT**
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff Manhattan Properties I, LLC d/b/a Manhattan Properties Company ("Plaintiff"),

by and through its attorneys Rosenberg & Estis, P.C., complaining of defendants Scott Cook,

John Doe, Jane Doe and XYZ Corp., (collectively referred to as "Defendants"), alleges as

follows:

### NATURE OF THE ACTION

    1.    Plaintiff is the owner and landlord of 295 Fifth Avenue, New York, New York.

Plaintiff seeks injunctive relief and damages for acts of false endorsement, violations of privacy

rights, bad faith registration of Plaintiff's property as a domain name, and unfair competition and

unfair trade practices, engaged in by Defendants in violation of the laws of the United States and

the State of New York.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1211 and 28

U.S.C. §§ 1331, 1338 and 1367.  Plaintiff's claims are predicated upon the Lanham Trademark

Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and

common law of the State of New York.

3.      Venue is properly found in this district pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district.

## THE PARTIES

4.      Plaintiff is a New York Limited Liability Company with offices at 295 Fifth Avenue, Room 1721, New York, New York 10016.

5.      Upon information and belief, Scott Cook (hereinafter "Cook"), an individual, is a resident of Los Angeles, California.

6.      Upon information and belief, John Doe, Jane Doe and XYZ Corp. are the owner(s) of Buildingaddress.com, who are presently unknown.

## PLAINTIFF'S BUSINESS AND GOOD WILL

7.      Plaintiff is the owner of the office building in Manhattan known as and located at 295 Fifth Avenue.

8.      This property is identifiable solely by its address and Plaintiff utilizes promotional and marketing material that include this address to entice potential tenants to lease space from Plaintiff.

9.      On or about May 1, 2008, Plaintiff attempted to further its marketing and promotional activities by registering and developing http://295FifthAvenue.com (hereinafter, "295FifthAvenue.com").

10.     When Plaintiff checked the website 295FifthAvenue.com, it ascertained that the site had already been registered to someone or some entity other than Plaintiff.

11.     According to http://whois.org, a domain name registry, Cook is the registrant of 295FifthAvenue.com.

- 2 -

12.     Defendants improperly registered 295FifthAvenue.com.

13.     Pursuant to information on 295FifthAvenue.com, the site is owned by http://www.BuildingAddresses.com (hereinafter "BuildingAddresses.com").

14.     According to BuildingAddresses.com, that site is:

> "Building Address is a network of address related community sites.  We provide content and community-building software that is both location-specific and geographically aware.
>
> We started BuildingAddress because we thought that sense of community in a building is often lost, or compressed into brief shared moments in an elevator.  We want to bring back some of the village atmosphere into modern life.  Furthermore, working on the assumption of a common location, we can build many useful services and connections with the local area, for the benefit of not only the residents of the building, but the outlying community and businesses as well.
>
> We are currently in the process of launching our first communities, so please stay tuned!  If you would like to be one of our trial sties, please contactcourtenay@buildingaddress.com."

15.     Upon information and belief, Cook is the domain registrant of both 295FifthAvenue.com and BuildingAddresses.com.

16.     Upon information and belief, Defendants John Doe, Jane Doe, XYZ Corp. are the true owners of 295FifthAvenue.com and BuildingAddresses.com.

17.     On or about May 7, 2008 Plaintiff, by its counsel sent a demand letter (the "Demand Letter") to Cook demanding that the 295FifthAvenue.com website be taken down immediately and transferred to Plaintiff, the rightful owner of said domain.

18.     The letter provided, *inter alia*:

> "We represent Manhattan Properties I, LLC d/b/a Manhattan Properties Company ("Manhattan

Properties"), the owner of the building located at 295 Fifth Avenue. Your website 295FifthAvenue.com is likely to cause confusion in the marketplace and, thus, is unfairly competing with Manhattan Properties by, *inter alia*, linking to a Google map on your site showing the location of Manhattan Properties' building. Further, be advised that your site incorrectly identifies the zip code for 295 Fifth Avenue as "10001" when, in fact, the zip code is 10016.

Further, despite your site's purported disclaimer that you "are not affiliated with the building or business located within," you nonetheless provide a user inquiry field for solicitation purposes and state that "a real estate specialist for this building will contact you to answer any questions." As you have no affiliation with Manhattan Properties, you are attempting to trade on our client's name, property, reputation and good will. We hereby demand that you cease and desist from all use of the term "295 Fifth Avenue" immediately.

Additionally, we request that you please change the domain name, relinquish any rights you believe you may have thereto and take down the site within the next five (5) business days or we will be forced to seek judicial intervention.

\* \* \*

This letter is written without prejudice to Manhattan Properties's rights and remedies, whether at law or equity, all of which are expressly reserved."

A copy of the letter is annexed hereto as Exhibit A.

19.    Defendants have not responded to the Demand Letter, nor have they taken down or corrected 295FifthAvenue.com.

20.    Defendants' infringing website contains a purported disclaimer, which in actuality only heightens a viewer's confusion. The website states:

"For real estate inquiries regarding this property please enter your contact information, and a real

- 4 -

> estate specialist for this building will contact you to answer any questions.
>
> Please note we are not affiliated with the building or businesses located within."

21.    Plaintiff has no "real estate specialist" associated with Defendants and Defendants' attempts to divert interested parties away from Plaintiff is unlawful.

**Defendants' Bad Faith Domain Name Registrations**

22.    Upon information and belief, without Plaintiff's consent, after the distinctive 295 Fifth Avenue address became well-known, and in furtherance of their efforts to mislead the public into believing that they are endorsed by or connected with the Plaintiff, Defendants, have engaged in a scheme to acquire domain names which are identical or confusingly similar to the domain names that rightfully belong to building owners throughout the city.

23.    Thus, upon information and belief, Defendants have registered 295FifthAvenue.com.

24.    Upon information and belief, the aforementioned domain name was registered by Defendants with a bad faith intent to profit from the enormous good will the Plaintiff has built up in its famous and distinctive name and property, in that Defendants:

(a)    Have no intellectual property rights in the domain name:

(b)    Have not made a <u>bona</u> <u>fide</u> noncommercial use of the 295FifthAvenue.com name; and

(c)    Have registered the domain name knowing that the address is both distinctive and famous.

**FIRST CAUSE OF ACTION**
**(FALSE ENDORSEMENT (15 U.S.C. § 1125(a))**

25.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 hereof as if fully set forth herein.

RE\51167\0031\365844v2

26.    By reason of the foregoing, Defendants' unlawful conduct constitutes the willful use in interstate commerce of false designations of origin or false or misleading descriptions or representations of fact which are likely to cause confusion, mistake or deception, in that it falsely designates Defendants' social for-profit website as originating from, being sponsored by endorsed by, and/or being affiliated with the Plaintiff, all in violation of 15 U.S.C. § 1125(a),

27.    Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## (VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§ 50-51)

28.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27 hereof as if fully set forth herein.

29.    By reason of the foregoing, Defendants' unlawful conduct constitutes the willful use of Plaintiff's property, for commercial or trade purposes, without permission in violation of N.Y. Civ. Rights Law §§ 50-51.

30.    Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
## (ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT 15 U.S.C. § 1125(d))

31.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 30 hereof as if fully set forth herein.

32.    By reason of the foregoing, Defendants' willful conduct in registering domain names that are identical to and/or confusingly similar to and/or dilutive of Plaintiff's property, with the bad faith intent to profit from said property, constitutes unlawful cybersquatting in violation of 15 U.S.C. § 1125(d)

RE\51167\0031\365844v2

33.    Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
## (NEW YORK GENERAL BUSINESS LAW § 349)

34.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33 hereof as is fully set forth herein.

35.    By reason of the foregoing, Defendants' willful conduct as alleged above constitutes deceptive acts and practices in the conduct of its business, in violation of § 349 of the General Business Law of the State of New York.

36.    Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Plaintiff, and harm to the public, for which Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
## (COMMON LAW UNFAIR COMPETITION)

37.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 36 hereof as is fully set forth herein.

38.    By reason of the foregoing, Defendants have engaged in, and upon information and belief, will continue to engage in, willful acts of unfair competition in violation of the common law of the State of New York.

39.    Such conduct on the part of Defendants has caused, and will continue to cause, irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

RE\51167\0031\365844v2

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Manhattan Properties I, LLC d/b/a Manhattan Properties Company, demands judgment against Defendants as follows:

1.       Preliminarily and permanently enjoining and restraining Defendants, their officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

(a)       making any false or misleading statement or representation of fact whatsoever with respect to any goods or services promoted, advertised, displayed, sold, offered for sale, produced, imported, exported, circulated or distributed by Defendants which is likely to cause confusion, mistake or deception by suggesting in any way that Defendants' goods or services are affiliated, connected or associated with the Plaintiff, or that Defendants' goods or services originate with, or are sponsored, endorsed or approved by, Plaintiff;

(b)       the transfer, suspension or other modification of the domain name "295FifthAvenue.com" during the pendency of this action except by order of the Court transferring the domain.

2.       Transferring the domain name "295FifthAvenue.com" to Plaintiff, the owner of the property at said address.

3.       Directing that Defendants file with the Court and serve upon Plaintiff, within thirty days after service of the judgment upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing requirements.

4.       Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any goods or services offered for sale, sold or otherwise circulated or promoted by Defendants are authorized, sponsored or endorsed by Plaintiff, or is related to or associated in any way with Plaintiff's products or services, including,

- 8 -

where applicable, a Court-approved notice to all of its customers and/or investors and prospective customers and/or investors indicating that Defendants are changing the name of its website, and that it has no association with Plaintiff or Plaintiff's property.

5.      Requiring Defendants to account and pay over to Plaintiff all profits realized by any false designations of origin, sponsorship or endorsement or representations that Defendants are in some way affiliated with Plaintiff, and that these illicit profits be trebled since they were generated willfully by Defendants.

6.      Entering judgment against Defendants for actual damages suffered by Plaintiff as the result of Defendants' infringing activities and/or false designations of origin, sponsorship and/or endorsement, and, pursuant to 15 U.S.C. § 1117(b), trebling the amount of actual damages suffered by Plaintiff due to Defendants' willful conduct.

7.      Awarding Plaintiff statutory damages in the amount of $100,000 per domain name, or as the Court considers just pursuant to 15 U.S.C. § 1117(d), as the result of Defendants' willful violations of 15 U.S.C. § 1117(d).

8.      Awarding Plaintiff its costs and reasonable attorneys' and investigatory fees, together with pre-judgment interest.

- 9 -

9.    Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 3, 2008

**ROSENBERG & ESTIS, P.C.**

By: _____

Luise A. Barrack (LB-0490)
Hal. N. Beerman (HB-4295)
733 Third Avenue
New York, New York  10017
(212) 867-6000
Attorneys for Plaintiff

TO: Scott Cook
    1400 N Sweetzer Avenue, #303
    Los Angeles, California 90069

    John Doe, Jane Doe, and XYZ Corp.
    1400 N Sweetzer Avenue, #303
    Los Angeles, California 90069

RE\51167\0031\365844v2